# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SANTASHA FLEMING-ARMSTRONG, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| SUPERIOR SURGICAL | ) | |
| ASSOCIATES, INC. | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANT. | ) | |
| _____ | ) | |

## **COMPLAINT**

NOW COMES Plaintiff, Santasha Fleming-Armstrong, and hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), seeking payment for unpaid wages, liquidated damages, actual damages, compensatory damages, for Defendant's violation of the FLSA. Plaintiff also brings a related state law claim for breach of contract and failure to pay wages when due. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiff states the following as her Complaint in this matter:

## I.     JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the state law claims as these claims are so related to this action that they form part of the same case or controversy.

3.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

4.

Based upon Plaintiff's information and belief, Defendant, Superior Surgical Associates, Inc., is a Corporation organized and existing under the State laws of Georgia, and has a principal place of business of PO Box 420827, Atlanta, Georgia, 30342-0827.

5.

Service of process for the Defendant can be effectuated through its registered agent, Andrew O. Martins, 5881 Glenridge Drive #120, Atlanta, Georgia 30328.

6.

The cause of action set forth in this Complaint arose within this jurisdiction.

II. **PARTIES**

7.

Plaintiff is an adult resident citizen of DeKalb County, Georgia.

8.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

9.

At all times relevant, Defendant employed Plaintiff to perform labor for its benefit in this District, and Defendant made employment and compensation related decisions regarding Plaintiff within this District.

10.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendant.

11.

The Defendant is engaged in interstate commerce for purposes of the FLSA by making telephone calls and utilizing the internet to submit insurance claims, engaging interstate internet marketing, and utilizing the U. S. Mail to conduct business.

12.

Upon information and belief, Defendant's gross revenue is in excess of $500,000 per year.

13.

Defendant directed Plaintiff to individually engage in interstate commerce, by requiring her to recurrently utilize the instrumentalities of interstate commerce, such as the telephone and internet, in performance of her duties.

14.

Plaintiff, as part of her job duties, regularly engaged in interstate commerce, by utilizing instrumentalities of interstate commerce.

15.

Defendant is an employer within the meaning of 29 U.S.C. §203(d) and is not exempt from the FLSA.

## III.   FACTUAL ALLEGATIONS

16.

Plaintiff was employed by the Defendant from November 2020 through November 2021 as an Office Manager.

17.

Upon information and belief, Defendant classified Plaintiff as a fulltime non-exempt employee, compensating her on an hourly basis rate of $23 per hour.

18.

In her position, Plaintiff was generally responsible for engaging doctors and doctors' office staff to coordinate the performance of medical services for patients.

19.

Plaintiff, during times relevant, frequently worked in excess of forty (40) hours per week.

20.

Plaintiff was never responsible for managing the enterprise, did not direct the work of at least two or more full-time employees, and did not have the authority to hire or fire other employees.

21.

During times relevant, Plaintiff was scheduled by the Defendant to work Mondays through Fridays from 8 am to 4 pm.

22.

Plaintiff was also issued a cell phone to "help with [her] remote work" by the Defendant.

23.

Plaintiff work did not end when she left for the day, rather, Plaintiff had to continue to field calls on her company issued cell phone.

24.

Plaintiff was instructed to clock-in upon her arrival and to clock-out at the conclusion of her shift.

25.

With the knowledge that Plaintiff would perform "remote work", *i.e.* continue to field calls following the conclusion of her shift, the Defendant required Plaintiff to work those hours and at the same time instructed Plaintiff to clock-out of her shift at 4 PM each day, regardless if she continued to work or not.

26.

Defendant has willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by intentionally failing to pay Plaintiff wages for all hours worked and failed to pay overtime wages on the regular specified paydays as defined in the employee handbook.

27.

During times relevant, Defendant failed to pay Plaintiff wages and overtime wages approximately ten (10) hours per week, during times relevant to this Complaint.

28.

Defendant is aware of and is familiar with the requirements of the FLSA, including requirements to pay employees on its regular pay dates and to pay employees overtime wages.

29.

Despite being aware of the requirements of the FLSA, Defendant willfully failed to comply with the provisions of the FLSA, by failing to pay Plaintiff for all hours worked for both wages and overtime wages and failed to timely pay Plaintiff on the Defendant's regular pay dates.

30.

Defendant knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA, since it repeatedly failed to pay Plaintiff her wages, including overtime wages, on the regular pay day.

31.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of consistently failing or refusing to pay its employees on time and failing or refusing to fully compensate its employees for all time worked.

32.

For at least three (3) years, Defendant has been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendant failed to pay Plaintiff the amount of pay as required by law.

33.

Upon information and belief, Defendant has negligently, intentionally and repeatedly failed to pay overtime wages and wages when due, with the knowledge of the requirements of the FLSA.

34.

As a result of the Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

35.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

36.

Defendant has not made a good faith effort to comply with the FLSA, as the Defendant engages law firms and engages other employees and contractors to advise on the requirements of the FLSA, and despite that knowledge, Defendant knew of and showed reckless disregard for the requirements to pay overtime wages and pay employees timely, which was conduct prohibited by the statute.

37.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

38.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

## IV. COUNT ONE: CLAIMS FOR VIOLATIONS OF THE FLSA – FAILURE TO PAY WAGES ON TIME

39.

Plaintiff incorporates by reference paragraphs 1 – 38 as if full set forth herein.

40.

Plaintiff was classified as a non-exempt employee of the Defendant being paid on an hourly basis.

41.

Defendant's Employee Handbook provides for regular pay dates.

42.

The Defendant, with knowledge of the requirements of the FLSA, has willfully failed to compensate Plaintiff her wages, including overtime wages, on each applicable regular pay date. Defendant has failed to pay Plaintiff her wages, including minimum wages, each week during times relevant to this Complaint.

43.

As a result of the failure to pay Plaintiff her wages, including overtime wages, on Defendant's regular pay dates, the Defendant has failed to pay overtime wages.

44.

Defendant, being aware of the overtime wage requirements of the FLSA, has willfully violated the overtime wage provisions of the FLSA, when failing to pay Plaintiff on-time for each applicable regular pay date.

45.

As a result of such failures, Plaintiff is entitled to be paid wages and overtime wages for each week the Defendant failed to timely pay the Plaintiff.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B. Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to the FLSA.

**V.  COUNT TWO: FAILURE TO PAY OVERTIME WAGES**

46.

Plaintiff incorporates by reference paragraphs 1 – 38 as if full set forth herein.

47.

29 U.S.C. § 207(a)(1) provides that an employer may not employ a nonexempt employee for a workweek that exceeds forty (40) hours, unless that employee receives overtime compensation at a rate of at least one and one half (1 ½) times the employee's regular rate of pay.

48.

Defendant required Plaintiff to work in excess of forty (40) hours per week during times relevant to this Complaint.

49.

Defendant failed to Plaintiff any wages for hours worked in excess of forty (40) hours per week at the overtime rate.

50.

Defendant is aware of the overtime requirements of the FLSA, through the advice and counsel it receives from its lawyers and other human resource professionals.

51.

A failure to pay the overtime rate for hours in excess of forty (40), as required by the FLSA is a violation of the FLSA.

52.

With being aware of the requirements of the FLSA, Defendant knowingly, intentionally, willfully and recklessly failed to pay overtime wages that the Plaintiff was due in conformity with the requirements of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Payment of all overtime wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B. Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to the FLSA.

**VI.   COUNT FOUR:  BREACH OF CONTRACT CLAIMS.**

53.

Plaintiff incorporates by reference paragraphs 1 – 38 as if fully set forth herein.

54.

Plaintiff and Defendant entered into a binding written contract regarding Plaintiff's employment that being the Offer Letter ("Agreement").

55.

The Agreement provided that the Defendant would pay Plaintiff at the rate of $23 per hour.

56.

The Agreement provided that Plaintiff would be required to perform remote work, or work outside the Plaintiff's place of employment.

57.

The Defendant failed to pay Plaintiff for all hours worked at her regular rate of pay as well as the overtime rate, for those hours worked in excess of forty (40).

58.

Plaintiff provided the Defendant with legal consideration pursuant to the Agreement in performing the duties of her position.

59.

Plaintiff complied with all conditions precedent and other requirements of the Agreement.

60.

The Defendant breached the Agreement by failing to pay Plaintiff for all hours worked at the agreed upon rate as set forth in the Agreement.

61.

As a result of Defendant's breach, Plaintiff is entitled to damages.

62.

Defendant has been stubbornly litigious and has caused the Plaintiff unnecessary trouble and expense so as to allow the Plaintiff to recover their reasonable attorney's fees and expenses incurred in bringing this action pursuant to O.C.G.A. §13-6-11.

63.

Plaintiff is entitled to interest on any sums recovered on account of a breach of contract until the recovery pursuant to O.C.G.A. §§7-4-2; 13-6-11; 13-6-13.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Damages for Breach of Contract, interest as provided by law and such other and further relief as this court deems just and proper;

B. Pre-judgment interest pursuant to O.C.G.A. §§7-4-2;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to O.C.G.A. §13-6-11.

Respectfully submitted, this 29th day of September, 2022.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

/s/ Nicholas P. Martin
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@martin-demelfi.com
7000 Peachtree Dunwoody Road
Building 1, Suite 202
Atlanta, Georgia 30328
Phone: (770) 450-61

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SANTASHA FLEMING-ARMSTRONG, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> SUPERIOR SURGICAL ) <br> ASSOCIATES, INC. ) <br> ) <br> DEFENDANT. ) <br> _____ ) | CIVIL ACTION NO.: <br><br> JURY TRIAL REQUESTED |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

The undersigned certifies that the foregoing **COMPLAINT** has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(C).

Respectfully submitted.

                                                       **MARTIN | DEMELFI, LLC**

                                                       */s/ Nicholas P. Martin*
                                                     Nicholas P. Martin, Esq.
                                                     Georgia Bar No. 168722
                                                     nmartin@martin-demelfi.com