IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANTASHA FLEMING-ARMSTRONG,

Plaintiff,

v.

SUPERIOR SURGICAL ASSOCIATES, INC.,

Defendant.

CIVIL ACTION FILE
NO. 1:22-CV-3935-TWT

### OPINION AND ORDER

This is a Fair Labor Standards Act case. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 24]. For the reasons explained below, the Defendant's Motion for Summary Judgment [Doc. 24] is GRANTED.

### I.   Background[1]

This case involves the Defendant Superior Surgical Associates, Inc.'s alleged failure to pay overtime wages due to the Plaintiff Santasha Fleming-Armstrong. Superior Surgical is a business that provides contract surgical assistants on an as-needed basis, and Andrew Martins is its CEO and owner. (Def.'s Statement of Undisputed Material Facts ¶¶ 1, 3). On December

---

[1] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

7, 2020, Fleming-Armstrong began working for Superior Surgical in the role of Office Manager. (*Id.* ¶ 5). Fleming-Armstrong's duties included both administrative tasks (such as answering the phone, opening mail, and scheduling) as well as billing-related tasks (such as submitting claims, sending out ledgers, and documenting and disputing payments). (*Id.*).

Superior Surgical's hours of operation are 8 a.m. to 4 p.m., but Fleming-Armstrong would leave the office at or before 3:30 p.m. on Monday through Thursday and 2 p.m. on Friday. (*Id.* ¶¶ 1, 6, 17). In fact, she was rarely in the office after 3 p.m. (*Id.* ¶ 17). Fleming-Armstrong also received a company phone from which she would be available to answer calls until 5:30 p.m. (*Id.* ¶ 21). However, she never worked from home on a computer and had no remote access to Superior Surgical's work applications, so all data entry was performed in the office. (*Id.* ¶¶ 20, 29). Similarly, the scheduling book was located in the office, and letters and faxes were made and sent from the office. (*Id.* ¶ 20). Because of this, when calls came in after she had left the office, she would often tell the caller that she would get back to them the next day when she was in the office. (*Id.* ¶¶ 25-26). After 5:30 p.m., she would stop answering any calls that came in. (*Id.* ¶ 23). Fleming-Armstrong did not keep records of her calls but estimated that on average she spent 5-10 minutes on phone calls after she left the office each workday. (Fleming-Armstrong Dep. 85:5-86:17).

Fleming-Armstrong was also required to send a scheduling text message each day using the company phone. (Pl.'s Response to Def.'s Statement of

2

Undisputed Material Facts ¶ 19). Fleming-Armstrong stated that Martins wanted these text messages to be sent out at 5:30 p.m. each day. (Fleming-Armstrong Dep. 91:19-92:7). She further said that each of those messages took her about 1-2 minutes to compose and send. (*Id.* 91:1-18). Sometime between April and June 2021, Fleming-Armstrong stopped taking the company cell phone with her when she left the office. (Def.'s Statement of Undisputed Material Facts ¶ 30). Therefore, from at least July 2021 to the time her employment as Office Manager ended in November 2021, Fleming-Armstrong did not use the company phone when she left the office at the end of the workday. (*Id.* ¶ 31).

Fleming-Armstrong brought suit under the FLSA alleging that Superior Surgical has failed to pay wages on time and failed to pay overtime wages. (Compl. ¶¶ 39-52). For both claims, Fleming-Armstrong seeks, *inter alia*, relief in the form of liquated damages. (*Id.* ¶¶ 45, 52). She also asserts that Superior Surgical's actions breached a contract the parties entered into with the offer letter sent to Fleming-Armstrong on December 6, 2020. (*Id.* ¶¶ 53-63; Def.'s Statement of Undisputed Material Facts ¶¶ 3-4). Superior Surgical has now moved for summary judgment on all claims, including the claim for liquidated damages. (*See generally* Def.'s Br. in Supp. of Mot. for Summ. J.).

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue

3

of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III. Discussion

Superior Surgical challenges Fleming-Armstrong's FLSA claims along with her breach of contract claim. The biggest question for the FLSA claims is whether the time that Fleming-Armstrong spent away from the office but still on call counted as compensable time. Fleming-Armstrong says it does; Superior Surgical says it does not. (Def.'s Br. in Supp. of Mot. for Summ. J., at 8-10; Pl.'s Br. in Opp'n to Mot. for Summ. J., at 7-9). If the time is compensable, the timecards show that Superior Surgical has not paid Fleming-Armstrong for each hour she was on call. (*See* Fleming-Armstrong Dep., Ex. 5). If the time is not compensable, then the records show that Fleming-Armstrong did not work more than 40 hours a week in the office and therefore does not qualify for overtime pay. *See infra*.

As an initial matter—and despite Fleming-Armstrong's argument to the contrary—the issue of whether on-call time is compensable is an issue for the Court to decide. *Llorca v. Sheriff, Collier Cnty., Fla.*, 893 F.3d 1319, 1324 (11th Cir. 2018) ("The inquiry is fact-intensive and not amenable to bright-line rules. Nevertheless, whether a particular set of facts and circumstances is compensable under the FLSA is a question of law for the Court to decide." (citation omitted)). Generally, whether on-call time is compensable depends "upon the degree to which the employee is free to engage in personal activities during periods of idleness when he is subject to call and the number of consecutive hours that the employee is subject to call . . . without being required to perform active work." *Skidmore v. Swift & Co.*, 323 U.S. 134, 138 (1944). More to the point, the question is "[w]hether time is spent predominantly for the employer's benefit or for the employee's." *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944).

Several cases provide guidance on how to answer that question. In *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 807 (11th Cir. 1992), detectives were required to be on call and "[b]e prepared to report for duty, in uniform, immediately" during a strike by other employees. The detectives were not required to stay at the police station but could not leave town, go on vacation, participate in outdoor activities like hunting or fishing, take compensatory time off, or drink alcohol. *Id.* at 808. Despite these limitations, the Eleventh Circuit found, "[t]he Gadsden detectives' off-time was not so restricted that it

5

was not used predominately for their benefit. They could do anything they normally did so long as they were able to respond to a call promptly and sober." *Id.* at 810.

Similarly, the Fifth Circuit found that on-call time was not compensable for a biomedical equipment repair technician. *Bright v. Houston Nw. Med. Ctr. Survivor, Inc.*, 934 F.2d 671, 672-73 (5th Cir. 1991). The technician was not required to remain at the hospital but could not be intoxicated, must always have been reachable by a beeper, and must have been within 20 minutes of the hospital. *Id.* at 673. Over the course of nearly a year, the plaintiff was never relieved of these restrictions. *Id.* at 678. Even though the court found that the job was "highly undesirable and arguably somewhat oppressive," it did not find that the on-call time was compensable because the plaintiff "was not restricted to any one or a few fixed locations" and could instead move around within the 20-minute radius. *Id.*

By contrast, cases that found on-call time compensable involved additional restrictions. For example, in *Cross v. Arkansas Forestry Comm'n*, 938 F.2d 912, 917 (8th Cir. 1991), employees had to continuously monitor radio transmissions to know when they would be called in and were on-call for 24 hours per day every day of a work period. The court found that this limited— without reprieve—employees' ability to entertain in their homes, attend social gatherings or church services, and watch television or read. *Id.* Likewise, in *Renfro v. City of Emporia, Kan.*, 948 F.2d 1529, 1531 (10th Cir. 1991),

6

firefighters had to be on call for 24-hour periods. They could leave the station but always had to carry a pager and return to the station within twenty minutes if called. *Id.* They would be called to the station an average of four to five times—and as many as thirteen times—per 24-hour period. *Id.* The average duration of each callback was one hour. *Id.* The frequency of the callbacks led the court to distinguish other FLSA cases and find that the on-call time was used predominately for the employer's benefit. *Id.* 1537-38.

Overall, "it is clear that an employee's free time must be severely restricted for off-time to be construed as work time for purposes of the FLSA." *Birdwell*, 970 F.2d at 810 (citation omitted). It is equally clear that the on-call time at issue here does not meet that bar. The on-call time lasted only two hours from 3:30 p.m. to 5:30 p.m. (Pl.'s Response to Def.'s Statement of Undisputed Material Facts ¶ 27). Fleming-Armstrong admits that she was free to leave the office and had no physical restrictions placed on her. (*Id.*). She further admits that she did not have to log on to a computer in response to the calls because she had no access to work applications. (*Id.* ¶ 29). Moreover, there is no evidence that she ever had to return to the office because of a call. In fact, she said in her deposition: "if I got a call from an insurance company . . . I needed to speak with them for a brief moment just to tell them I would get back to them the next day because I'm not present in the office." (Fleming-Armstrong Dep. 85:20-23). Because the phone calls were quick, she spent only 5-10 minutes on average on the phone after she left the office each

7

workday. (Fleming-Armstrong Dep. 85:5-86:17). Given these facts, the Court finds as a matter of law that Fleming-Armstrong's on-call time was predominately for her benefit and therefore not compensable time under the FLSA.

This leaves Fleming-Armstrong's FLSA claims standing only on the argument that she was not paid for the time that she was actually on the phone. As Fleming-Armstrong points out, "the FLSA clearly indicates that an employer may not employ a nonexempt employee for a workweek that exceeds forty (40) hours, unless that employee receives overtime compensation at a rate of at least one and one half (1 ½) times the employee's regular rate of pay." (Pl.'s Br. in Opp'n to Mot. for Summ. J., at 4) (citing 29 U.S.C. § 207(a)(1)). Superior Surgical does not contest that Fleming-Armstrong was classified as non-exempt under the FLSA but contends that she never worked overtime. (Def.'s Br. in Supp. of Mot. for Summ. J., at 2). Superior Surgical asserts that even if 10 minutes are added to her timecard every day, Fleming-Armstrong never worked over 40 hours a week according to the timecards in evidence. (*Id.*, at 5).

A review of the timecards shows that this assertion is correct. (*See* Fleming-Armstrong Dep., Ex. 5). Fleming-Armstrong testified that she accurately filled out the timecards but argues that Superior Surgical manipulated them. (Fleming-Armstrong Dep. 33:4-14, 34:9-10; Pl.'s Br. in Opp'n to Mot. for Summ. J., 5). The only support she has for that argument is

a statement from her deposition. (Pl.'s Response to Def.'s Statement of Undisputed Material Facts ¶¶ 13, 15, 18, 35) However, that statement does not say that Superior Surgical changed any of the timecards. (Fleming-Armstrong Dep. 63:5-23). Rather, it says that Superior Surgical paid her less when she arrived to work late, and that led her to have a conversation with Martins because she believed she was a salaried employee at the time. (*Id.*). This statement alone is not enough to carry Fleming-Armstrong's burden of showing that she worked overtime. *See Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1315 (11th Cir. 2007).

Moreover, Fleming-Armstrong took 30-minute lunch breaks on a regular basis but would only clock out if she left the premises for lunch. (Def.'s Statement of Undisputed Material Facts ¶¶ 7-8). Superior Surgical also routinely rounded up when counting Fleming-Armstrong's hours on the timecards. (*See* Fleming-Armstrong Dep., Ex. 5). Thus, the time she spent working on the phone after she left the office is more than made up for by these other practices. Since there is not sufficient evidence from which a reasonable jury could find that Fleming-Armstrong was not paid the wages she was due, summary judgment is warranted in favor of Superior Surgical.

Because the Court has granted summary judgment to the Defendant on the FLSA claims, it need not consider whether liquidated damages are appropriate. Furthermore, Fleming-Armstrong bases her breach of contract claim on the fact that she was not paid wages for the time she spent on the

phone. (Pl.'s Br. in Opp'n to Mot. for Summ. J., at 10). Because the Court has found that she was paid the wages due to her, this claim must also fail, even if there was a valid contract for these wages. Therefore, summary judgement is warranted on all counts.

## IV. Conclusion

For the forgoing reasons, the Defendant's Motion for Summary Judgment [Doc. 24] is GRANTED.

SO ORDERED, this ___8th___ day of November, 2023.

*[signature]*
THOMAS W. THRASH, JR.
United States District Judge